UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOYCE CHAE on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>BIG KO-KO INC. dba KO KO COLLEGE RESTAURANT and SUNGYOON HWANG<br><br>        Defendants, | Index No. 22-cv-1938<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

  Plaintiff, Joyce Chae (collectively, "Plaintiff"), on behalf of herself and all others similarly situated, by her attorney, Ryan Kim, complaining of Defendants Big Ko-Ko Inc. d/b/a Ko Ko College Restaurant ("BKK") and Sungyoon Hwang (collectively, "Defendants"), alleges:

### NATURE OF ACTION

  1. This action is brought to recover unpaid minimum wages, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq.

  2. Plaintiff seeks injunctive and declaratory relief against the Defendants' unlawful actions, unpaid minimum wage, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA, the NYLL.

  3. Defendants own and operate Ko Ko College Restaurant, a Korean restaurant at 321 College Avenue, Ithaca, NY.

1

## JURISDICTION

4. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b)(2), as Big Ko-Ko Inc.'s substantial part of event or omission giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in the Eastern District of New York.

### Plaintiff Joyce Chae

6. Joyce Chae ("Chae") resides in Tompkins County, New York.

7. Chae was employed as a server by Defendants from November 2018, through February 22, 2022.

### Big Ko-Ko Inc dba Ko Ko College Restaurant

8. Defendant Big Ko-Ko Inc. is a New York Corporation that owns and operates Ko Ko College Restaurant in Ithaca New York.

9. Big Ko-Ko Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Big Ko-Ko Inc. has employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Big Ko-Ko Inc. has an annual gross volume of sales in excess of $500,000.

### Sungyoon Hwang

12. Defendant Sungyoon Hwang ("Hwang") is the president and the owner of Ko Ko College Restaurant.

13. Sungyoon Hwang is sued individually in his capacity as an owner, officer and/ or agent of BKK.

14. Sungyoon Hwang exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA, New York Labor Law.

15. At all-time material herein, Sungyoon Hwang had the authority to hire and fire employees and established and exercised authority regarding the pay practices at Ko Ko College Restaurant.

16. Sungyoon Hwang makes all final decisions about employment practices at Ko Ko College Restaurant.

17. Sungyoon Hwang managed, supervised, established, and administered the terms and conditions of Plaintiff's employment through Ko Ko College Restaurant.

### COLLECTIVE ACTION ALLEGATIONS

18. The claims in this Complaint arising out of the FLSA are brought by the Plaintiff on behalf of herself and all similarly situated non-exempt employees (i.e. servers, hosts, and busboys) who work or have worked at Ko Ko College Restaurant within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

19. The FLSA Collective consists of approximately forty similarly situated current and former non-exempt employees of Ko Ko College Restaurant who have been victims of the Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime pay and other monies.

20. The FLSA Collective consists of employees who, during their employment at Ko Ko College Restaurant worked as non-exempt employees.

21. As part of their regular business practices, Defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA, New York Labor Law. This policy and pattern or practice include, inter alia:

   a. failing to pay employees the statutory minimum wage for all hours worked;
   b. failing to keep accurate records of hours worked by employees as required by the FLSA and the New York Labor Law.

22. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable by Defendants, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S FACTUAL ALLEGATIONS

23. Chae worked as a server throughout her time employed by Defendants.

24. Working as a server, Chae fell into the category of "non-exempt" employee pursuant to the FLSA.

25. From November 2018 to February 22, 2022, Chae regularly worked about 4 to 8 hours a day for 5 to 6 days.

26. Plaintiff began her work around 11 a.m. until 3 p.m. and/or 5 p.m. through 9 p.m. for 5~6 days per week. She regularly worked 24 ~40 hours a week.

27. Defendants applied for an invalid "tip credit" to pay Chae at a reduced minimum wage rate.

28. From January 1, 2021, to December 31, 2021, Chae was paid $8.35 per hour.

29. From January 1, 2022, to February 22, 2022, Chae was paid $8.80 per hour.

30. Throughout her employment, Chae was paid for her hours of work at the rate of $6.00 ~8.80 per hour, rather than the statutory minimum wage rate.

31. Defendants failed to provide sufficient notice to Chae regarding the tip credit provisions of the FLSA and the NYLL, or their intent to apply a tip credit to her wages.

32. As a result, the Defendants were not entitled to reduce Chae's minimum wage rate by applying the tip credit allowance that is available under the FLSA and NYLL.

33. Defendants failed to furnish Chae's wage statements with her hours worked and rates of pay at her every payday.

34. Defendants also failed to furnish Chae with a wage notice at the time of hiring and whenever her wage rates changed.

## FIRST CLAIM
**(Fair Labor Standards Act - Unpaid Minimum Wage)**

35. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

36. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff and the FLSA Collective.

37. Plaintiff and the FLSA Collective are employees within the meaning of 29 US.C. §§ 203(e) and 206(a).

38. Defendants were required to pay to Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

39. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because inter alia:

    c. Defendants were required to but failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

    d. made unlawful deductions from the non-exempt employees' pay, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

40. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

41. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

42. As a result of Defendants' willful violations of the FLSA Plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law - Unpaid Minimum Wage)

43. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

44. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiff.

45. Defendants failed to pay Plaintiff the minimum wages to which she is entitled under the NYLL.

46. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiff minimum hourly wages.

47. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover her unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(New York Labor Law - Wage Theft Prevention Act)**

48. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

49. Defendants failed to furnish to Plaintiff at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2022, a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

50. Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions;

7

allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

51. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the Defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

52. Due to Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**FOURTH CLAIM FOR RELIEF**
**(New York Labor Law 192-d – Conversion)**

53. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

54. At all times relevant to this action, Defendants misappropriated and/or required Plaintiff and Collective members to turn over all of, or portions of, their tips to Defendants. Plaintiff and Collective members were not permitted to retain all of the tips they received.

55. Defendants, who are not tipped employees, took control of the tips, which were the property of Plaintiffs and Collective members, and unlawfully retained portions of the tips.

**FIFTH CLAIM FOR RELIEF**
**(New York Labor Law 196-d - Unjust Enrichment)**

56. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

57. At all times relevant to this action, Defendants misappropriated and/or required Plaintiff and the collective members to turn over all of, or portions of, their tips to Defendants. Plaintiffs and the collective members were not permitted to retain all of the tips they received.

58. Defendants, who are not tipped employees, took and retained tips, which were earmarked for, and belonged to, Plaintiff and collective members.

59. Defendants received a benefit by wrongfully taking tips that belonged to Plaintiff and collective members, and Defendants' retention of these tips is inequitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a) declaring that Defendants have violated the minimum wage provisions of the FLSA and the NYLL;

b) declaring that Defendants have violated the unlawful deductions provisions of the NYLL;

c) declaring that Defendants' violations of the FLSA and NYLL were willful;

d) awarding Plaintiff and the FLSA Collective damages for unpaid minimum wages;

e) An award of unpaid wages, misappropriated tips, and other damages due under the FLSA and the NYLL;

f) awarding Plaintiff and the FLSA Collective, liquidated damages as a result of Defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

g) awarding Plaintiff and the FLSA Collective, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

h) awarding Plaintiff and the FLSA Collective, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

i) awarding Plaintiff and the FLSA Collective, pre-judgment and post-judgment interest under the FLSA and the NYLL;

j) awarding Plaintiff and the FLSA Collective, the reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

k) awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.


Dated: April 5, 2022

       /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO: Sungyoon Hwang

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that Plaintiff Joyce Chae intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of:

      Big Ko-Ko Inc, *d/b/a* Ko Ko College Restaurant

for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on her behalf.

Dated: April 5, 2022
      Fort Lee, NJ

                                                      Ryan Kim Law, P.C.
                                                      *Attorneys for Plaintiff*

                                                      */s/ Ryan Kim*
                                                      Ryan Kim
                                                      222 Bruce Reynolds Blvd. Suite 490
                                                      Fort Lee NJ 07024
                                                      Tel: (718) 573-1111
                                                      Email: ryan@ryankimlaw.com

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:

      Big Ko-Ko Inc, *d/b/a* Ko Ko College Restaurant

_____

      **PLEASE TAKE NOTICE**, that Plaintiff JOYCE CHAE as an employee of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      **PLAINTIFF HEREBY DEMANDS** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: April 5, 2022
      Fort Lee, NJ

                                  Ryan Kim Law, P.C.
                                  *Attorneys for Plaintiff*

                                  */s/ Ryan Kim*
                                  Ryan Kim
                                  222 Bruce Reynolds Blvd. Suite 490
                                  Fort Lee NJ 07024
                                  Tel: (718) 573-1111
                                  Email: ryan@ryankimlaw.com

## **DOCUMENT PRESERVATION DEMAND**

       Plaintiff(s) hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein" for ONE THIRD (1/3) or such amount as a court award. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com



Under the FLSA and NYLL, taking **adverse actions** (firing and demoting, stalking and harassing) against **Plaintiff(s)** in retaliation for having brought this Complaint is **ILLEGAL** and **PUNISHABLE BY LAW**.

# Consult your attorney

# Settlement under the table is <span style="color:red">prohibited</span> by the law.



**Once a wage-and-hour case is filed in the Federal District Court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.***

# <span style="color:red">Consult your attorney.</span>