UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOYCE CHAE,

              Plaintiff,

        -v-                      3:22-CV-376

BIG KO-KO INC., doing business
as Ko Ko College Restaurant,
and SUNGYOON HWANG,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

RYAN KIM LAW, P.C.              RYAN KIM, ESQ.
Attorneys for Plaintiff
222 Bruce Reynolds Blvd., Suite 490
Fort Lee, NJ 07024

THE LAW OFFICE OF SHARON      SHARON M. SULIMOWICZ, ESQ.
   M. SULIMOWICZ
Attorneys for Defendants
118 North Tioga Street, Suite 202
Ithaca, NY 14850

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

    On April 5, 2022, plaintiff Joyce Chae ("plaintiff") filed this putative

collective labor law action in the U.S. District Court for the Eastern District

of New York. Dkt. No. 1. Plaintiff's four-count complaint alleged that her former employer and its owner/operator ("defendants") violated federal and state labor law by, *inter alia*, paying her less than minimum wage. *Id.* After the case was transferred to this judicial district, Dkt. No. 6, defendants made an offer of judgment, Dkt. No. 23-1, which plaintiff accepted, Dkt. No. 23.

As relevant here, the offer of judgment included a provision for attorney's fees and costs:

> Defendant offers to allow judgment to be entered in favor of Plaintiff and against Defendant on all causes of action in the amount of $20,000.00, plus reasonable attorney's fees and costs incurred by Plaintiff as of the date of this Offer, as determined by the Court.

Dkt. No. 23-1 ¶ 2. Thereafter, the Clerk entered judgment in plaintiff's favor for $20,000. Dkt. Nos. 25, 26.

On March 20, 2023, plaintiff moved for an award of attorney's fees and costs based on this language. Dkt. No. 27. Defendants have opposed. Dkt. No. 28. The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. **DISCUSSION**

Plaintiff seeks $14,721.00 in attorney's fees and $1,389.50 in costs for a total award of $16,110.50. Pl.'s Mem., Dkt. No. 27 at 3.[1] This request is

---

[1] All pagination corresponds to CM/ECF.

supported by an affidavit, Kim Decl., Dkt. No. 27-1, and billing records with individual time entries, Ex. A to Kim Decl., Dkt. No. 27-2.

In opposition, defendants argue that plaintiff's request should be denied in its entirety. Defs.' Opp'n, Dkt. No. 28. Defendants' opposition filing focuses on attempting to litigate the merits of plaintiff's underlying claims. *See, e.g.*, *id*. ¶¶ 7–12. But defendants also argue that some of plaintiffs' time records are inconsistent or excessive, especially in light of the degree of success he obtained.[2] *See generally id*.

"Rule 68 is a cost-shifting rule intended to encourage settlement and avoid protracted litigation." *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) (citing *Marek v. Chesny*, 473 U.S. 1, 5 (1985)). Courts treat them as contracts and interpret them according to ordinary contract principles. *See id*.

The accepted offer of judgment in this case clearly and unambiguously leaves the question of attorney's fees and costs up to the Court. So plaintiff's attorney can collect a fee award, especially if the underlying causes of action permit it. *See, e.g.*, *Rosado v. City of N.Y.*, 2012 WL 955510, at *1 (S.D.N.Y. Mar. 15, 2012) (awarding costs with similar language in a Rule 68 offer).

Federal and state labor law both allow fees to a prevailing party. *See, e.g.*, *Yanchaliquin v. Chuqui Builders Corp.*, 2023 WL 7299810, at *7 (N.D.N.Y.

---

[2] Defendants did not submit a memorandum of law in opposition. Instead, they opted to just file an attorney affidavit. Dkt. No. 28. Attorney affidavits are suitable places to set forth factual and procedural background. But they are not an appropriate place to make legal arguments.

6, 2023) (Sannes, J.). "In calculating attorney's fees, the district court must first determine the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Stanczyk v. City of N.Y.*, 752 F.3d 273, 284 (2d Cir. 2014) (cleaned up).

Under this so-called "lodestar" approach, the "reasonable hourly rate" is determined by reference to "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany* ("*Arbor Hill*"), 522 F.3d 182, 184 (2d Cir. 2008). As the Second Circuit has explained, "the reasonable, paying client" is one "who wishes to pay the least amount necessary to litigate the case effectively." *Id.* Courts figure this out by considering a number of factors, including but not limited to:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184.

Plaintiff seeks $14,721.00 in attorney's fees and $1,389.50 in costs. To reach the first number, plaintiff has requested a rate of $425.00 per hour for Ryan J. Kim, an experienced labor-law attorney approximately twenty years of experience, and a rate of $120.00 per hour for his paralegal, who is also experienced in such matters.

In determining a reasonable hourly rate, "[t]he Second Circuit has instructed district courts to consider 'all case-specific variables' including [the] factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 251 (E.D.N.Y. 2020). These twelve *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Torcivia*, 437 F. Supp. 3d at 251 n.3 (citations omitted). Importantly, however, the trial court "need not robotically recite and make separate findings as to all twelve of the Johnson factors." *Id.* (cleaned up).

Upon review, plaintiff's proposed hourly rates are a little too high. Under the "forum rule," the reviewing court generally applies the prevailing hourly rate in the district in which it sits to calculate a presumptively reasonable fee. In the Northern District of New York, experienced practitioners; *i.e.*, those with twenty or more years of experience, ordinarily fetch somewhere in the range of $300 to $350 an hour. *See, e.g.*, *Yanchaliquin*, 2023 WL 7299810 at *8 (rejecting $400 hourly rate). Likewise, the going rate for paralegal work has been something closer to $90 an hour. *See, e.g.*, *Starmel v. Tompkins*, 2023 WL 8020767, at *3 (N.D.N.Y. Nov. 20, 2023) (D'Agostino, J.). Still, the Court recognizes that the price of everything has gone up across the board. So plaintiff's hourly rates will only be reduced to $365 per hour for attorney Kim and $100 per hour for his paralegal.

Plaintiff's motion further seeks an award for 44.90 hours of work. That number, which is supported by time entries, also seems just a little too high in light of the type and degree of success obtained in this litigation. *See, e.g.*, *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 129 (E.D.N.Y. 2013) (explaining that court reviewing fee application "should exclude excessive, redundant or otherwise unnecessary hours"). Therefore:

-Attorney Kim is entitled to $365 per hour x (30.6 hours – 20%) =$8,935.20.

-Paralegal Choi is entitled to $100 per hour x (14.3 hours – 20%) = $1,144.00.

**Total: $10,079.20.**

Finally, plaintiff's motion seeks an extra $1,389.50 in costs. This bottom-line number consists of the filing fee ($402.00), postage ($25.00), and the cost of a mediator ($962.50). Under Rule 68, additional costs are available when no amount is specified. *See, e.g., Steiner*, 816 F.3d at 36. But the mediator fee stands out as a bit unusual under the circumstances. So that cost will be disallowed.

### III. CONCLUSION

This case was a putative collective action, but it was never certified as a class. Instead, the potential class representative remained an individual plaintiff. She received $20,000 in damages to drop her claims. Her attorney is entitled to an award for this work, but his requested fee—which would be over 80% on top of his client's damages—is too high. So it has been reduced to $10,079.20, which is still just a touch over 50% of plaintiff's own relief.

Therefore, it is

ORDERED that

1. Plaintiff's motion is GRANTED in part and DENIED in part;

2. Plaintiff is entitled to an attorney fee award in the amount of $10,079.20 plus costs in the amount of $427.00.

IT IS SO ORDERED.

Dated: January 3, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge